## Poston v. Taylor et al.

[No. 27,246. Filed December 18, 1939. Rehearing denied January 16, 1940.]

*McTurnan & Higgins, Lawrence H. Hinds, Parr, Parr & Parr, Harry R. Champ,* and *James P. Robinson,* for appellant.

*Jeremiah L. Cadick, Adney & Adney,* and *Louis B. Ewbank,* for appellees.

FANSLER, J.—In 1931 the Superior Court of Marion County appointed a receiver for the Pennsylvania & Thirteenth Realty Company at the suit of a preferred stockholder, who alleged default in the conditions of the preferred stock agreement. The company has been in the hands of a receiver since that time. It is not insolvent. It seems to have been made to appear to the court that the holders of preferred stock would demand a liquidation of the assets of the realty company and a sale of its property under the terms of the preferred stock agreement. The record shows that the court appointed a reorganization committee to work out a plan for reorganizing the corporation to be submitted to the stockholders for approval. A plan was developed and submitted to the stockholders and approved by more than 75 per cent. of the preferred stockholders.

A petition was filed with the court asking approval of this reorganization plan. The appellant, a preferred stockholder, appeared and filed objections to the plan, and a cross-complaint seeking a declaratory judgment, declaring the plan illegal and the court to be without jurisdiction to approve. There was a change of venue, a trial, and judgment approving the plan as fair and equitable and denying relief upon the cross-complaint. From this judgment the appellant has appealed.

Certain of the appellees have moved to dismiss the appeal upon the ground that the order appealed from is not a final judgment, but in oral argument at the bar of this court the appellees have expressed a desire that the case be decided upon the merits.

We know of no authority under which courts in this state have jurisdiction to judicially supervise or approve plans for the reorganization of corporations.

The State and Federal Securities Acts (section 25-833 Burns' 1939 Supp. and 15 U. S. C. A. 1938 Supp., § 77c (a) 10) exempt from filing and registration reorganization plans which have been approved by a "court of competent jurisdiction," or a court "expressly authorized by law to grant such approval." We are not concerned here with whether the Securities Acts attempt to vest courts in this state with ministerial jurisdiction to approve such plans. The approval of the reorganization plan in the case at bar is a merely incidental matter, which does not affect the rights of the appellant, since he seems to have elected not to participate in the reorganization.

The record does not disclose the fact, but we are told at the bar, that a demand for liquidation of the assets of the company was contemplated, and that some of the stockholders, both preferred and common, had indicated a desire to organize a new company and bid

upon property of the corporation when it was offered for sale. It seems to have been at their suggestion that the court appointed the committee that worked out the plan. By the terms of the plan, representatives of the stockholders who will become interested in the new corporation will bid upon the property when it is offered for sale in the ordinary manner. If they are the successful bidders it is contemplated that they will pay to the receiver in cash a sufficient sum to pay the court costs and the distributive share of the proceeds of the sale which is allocable to those stockholders who are not participating in the reorganization. It is assumed, of course, that the property will be appraised before sale and that the court will exercise the usual discretion in determining whether the amount offered is a fair and reasonable price for the property. In this there is nothing novel. It is quite common when property is sold in partition proceedings or other judicial proceedings, where some of those who are entitled to the proceeds desire to bid upon the property, to provide by an informal arrangement, which is informally approved by the court, that, in the event interested parties are the successful bidders, they may pay in cash an amount sufficient to pay the costs and the distributive share of those interested parties who are not bidders, and merely receipt for their own distributive share. We see in the proceedings here nothing more than such an informal arrangement in so far as the appellant is concerned. With the effect of the approval of the reorganization plan under the Securities Acts, the appellant has no interest and we have no concern here.

If it is made to appear that there is default in the preferred stock obligation which entitles the stockholders to an order for the sale of the property, and

the property is regularly ordered sold after an appraisal, and bids are received, and the high bidder is the group which is reorganizing the corporation, and the amount of the bid is fair and reasonable, and they tender an amount sufficient to pay the distributive share of those who are not participating in the reorganization, together with the costs, we see no reason why their bid should not be approved or why they should not be permitted to become the purchaser. Any question as to the fairness or regularity of such a sale must arise when the sale is attempted.

The order complained of here, although it is in the form of a judgment, does not in any way affect the substantial rights of the appellant. It is not a judgment. The appeal is therefore dismissed.